

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00165-CR

———————————————

DENNIS MAURICE JONES, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1837302

---

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

Appellant Dennis Maurice Jones appeals his convictions on two counts of aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02(a)(2). He argues in a single point that the trial court erred by refusing to admit evidence that would have supported a jury charge on the lesser-included offense of reckless aggravated assault. Because Jones failed to preserve this complaint, we affirm.

## I. BACKGROUND

In August 2024, Jones—without provocation—attacked a mother and her teenage daughter with a metal pipe while they were shopping at The Container Store in Arlington, Texas. After witnessing the attack, the mother's boyfriend, A.B., ran towards Jones, grabbed him, and subdued him with the help of the store's assistant manager and another person until the police arrived. A.B. sustained cuts and scrapes on his hand, arm, and knee when he confronted Jones to stop the attack.

When police arrived, they found Jones being held against the wall, and he was immediately handcuffed and taken into custody. Both before the police arrived and afterward, Jones was sweating profusely, making weird facial contortions, and struggling to talk. He appeared to be in "some sort of excited delirium" or under the influence of drugs. Thus, before being taken to jail, Jones was transported to the

hospital. The records from this hospital visit indicated that Jones was "obviously intoxicated."[1]

Jones was charged by indictment with three counts of aggravated assault with a deadly weapon. He pled not guilty, and a jury trial was held.

At trial, Jones admitted to attacking the victims. But he claimed that because of his "significant underlying mental health conditions," he was legally insane at the time of the alleged offenses. *See id.* § 8.01(a).

To support his insanity defense, Jones sought to introduce testimony from his mother about his longstanding mental health issues. The State objected at the bench to the admission of this testimony. After the trial court dismissed the jury, the State reiterated its objection:

> We would object to relevance at this point of the trial because I believe this witness is going to testify about her alleged knowledge of any mental health disease or defect that this defendant may have.
>
> It's the State's position that such testimony is only relevant at this stage of the trial if the defense is trying to show that the defendant lacked the necessary mens rea in terms of intentionally or knowingly to commit this act.
>
> They're trying to show that he was somehow reckless in the act in pursuit of a lesser offense; however, there is no lesser offense in this of aggravated assault with a deadly weapon.[2]

---

[1]When he was being evaluated to determine whether he was competent to stand trial, Jones told the evaluating psychologist that he had used methamphetamine prior to committing the offense. But at trial, Jones denied having taken methamphetamine.

In response to the State's objection, Jones's trial counsel made clear that Jones's mother's testimony was being offered in support of Jones's insanity defense, not to support a jury charge on the lesser-included offense of reckless aggravated assault:

> The testimony that we are attempting to proffer is in relation to the sanity defense which has been noticed in the Court file since January of this year. *It's not attempting to get any sort of lesser included reckless charge.*
>
> And as an observer of Mr. Jones throughout his life, we believe the mother has relevant testimony to provide towards his mental health condition that would go to raising our burden of production of evidence to a preponderance based on her knowledge. [Emphasis added.]

After hearing additional argument and allowing defense counsel to conduct a voir dire examination of Jones's mother to show what her proposed testimony would have been, the trial court sustained the State's objection.

Jones never requested a lesser-included-reckless-aggravated-assault instruction, nor did he object to the trial court's jury charge, which did not include such an instruction.

After hearing all the evidence, the jury convicted Jones of two of the three alleged counts of aggravated assault with a deadly weapon. At the conclusion of the trial's punishment phase, the jury assessed Jones's punishment at sixty years'

---

[2]The prosecutor was mistaken when he asserted that reckless assault with a deadly weapon is not a lesser-included offense of intentional or knowing aggravated assault with a deadly weapon. *See Hicks v. State*, 372 S.W.3d 649, 651, 653 (Tex. Crim. App. 2012).

imprisonment on Count One and forty years' imprisonment on Count Two.[3] The trial court sentenced him accordingly. This appeal followed.

## II. DISCUSSION

In a single point, Jones contends that the trial court erred by refusing to admit his mother's testimony because it would have supported a jury charge on the lesser-included offense of reckless aggravated assault with a deadly weapon. But Jones failed to preserve this complaint for our review.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015). Further, the trial court must have ruled on the request, objection, or motion—either expressly or implicitly—or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013).

A party fails to preserve error when the contention urged on appeal does not match the specific complaint or request made in the trial court. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Sorto v. State*, 173 S.W.3d 469, 476 (Tex.

---

[3]The indictment included a habitual-offender notice alleging that Jones had prior felony convictions for aggravated assault with a deadly weapon and assault on a public servant. Jones pled "true" to these allegations; accordingly, the jury found them to be true as instructed by the trial court. This elevated the punishment range for Jones's offenses to twenty-five to ninety-nine years or life in prison. *See* Tex. Penal Code Ann. § 12.42(d).

Crim. App. 2005). In other words, an objection or request based on one legal theory may not be used to support a different legal theory on appeal. *See Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *see also Rothstein v. State*, 267 S.W.3d 366, 373–74 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (holding that motion to suppress stating one legal theory and arguments at suppression hearing advancing only that theory did not preserve appellate complaint based on different legal theory); *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd) ("Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review."). A reviewing court should not address the merits of a complaint that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Here, Jones contends that the trial court abused its discretion by refusing to admit his mother's testimony because this evidence would have supported a jury charge on the lesser-included offense of reckless aggravated assault. But Jones's trial counsel explicitly stated that he was offering this evidence to support Jones's insanity defense, not to support an instruction on reckless aggravated assault. Indeed, Jones's trial counsel never requested such an instruction, nor did he object to the trial court's proposed jury charge, which did not include a lesser-included-offense instruction on reckless aggravated assault.

Because Jones never suggested to the trial court that he was offering his mother's testimony to support a jury charge on the lesser-included offense of reckless aggravated assault—and, in fact, explicitly stated that he was not offering her testimony to support such an instruction—his contention on appeal does not match the complaint or request that he made in the trial court. Accordingly, he has failed to preserve his complaint for our review. *See Heidelberg*, 144 S.W.3d at 537; *Broxton*, 909 S.W.2d at 918; *see also Lawrence v. State*, No. 01-02-00579-CR, 2003 WL 1848659, at *1 (Tex. App.—Houston [1st Dist.] Apr. 10, 2003, no pet.) (mem. op., not designated for publication) (holding that appellant had waived appellate complaint that testimony "should have been admitted as evidence in mitigation of punishment" because he had argued at trial only that it should have been admitted for impeachment purposes).

We overrule Jones's sole point.

### III. CONCLUSION

Having overruled Jones's sole point, we affirm the trial court's judgments.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 30, 2026